UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LAWRENCE WRIGHT,

            Plaintiff,

    -against-

NYPD, P.O. ENGRAM; PBA; P.O. K. THOMAS;
Sr. P.O. C. BENJAMIN; P.O. FERNANDEZ;
EDWARD HAMMOCK, Esq.,

            Defendants.
-----------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
07-CV-1796 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ ★

BROOKLYN OFFICE

AMON, United States District Judge:

On April 30, 2007, plaintiff Lawrence Wright, incarcerated at Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983. By order dated May 14, 2007, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the complaint as to the Division of Parole and directed plaintiff to file an amended complaint within 30 days. On June 18, 2007, plaintiff filed an amended complaint.

## Background

The following facts are taken from plaintiff's amended complaint and exhibits attached thereto. Plaintiff, a parolee, alleges that on June 17, 2006, he was arrested while exiting a night club in Manhattan and charged with reckless endangerment for failing to stop at a police checkpoint. Plaintiff alleges that he informed Sr. Parole Officer Benjamin of his arrest upon his release from police custody as required. Plaintiff was told to report to Parole Officer K. Thomas once a week pending an investigation concerning the June 2006 arrest. On July 25, 2006, plaintiff alleges that defendants Benjamin and Thomas told him there was no probable cause to revoke his parole and

1

directed him to report to his parole officer once a month. Subsequently, plaintiff alleges that defendant Thomas came to his residence on September 11, 2006, and when she did not receive a response from plaintiff, she filed a curfew violation. Plaintiff contends that he was home but that defendant Thomas left the residence before he had time to respond via intercom. Plaintiff was placed under arrest and parole violation proceedings were commenced. On December 19, 2006, the Department of Parole revoked plaintiff's parole based on the June arrest, not on the curfew violation. On February 6, 2007, the district attorney dismissed all the charges for the June 2006 arrest. Plaintiff remains incarcerated pursuant to the parole revocation decision. Plaintiff also alleges that Edward R. Hammock, the attorney he retained to represent him in the parole revocation proceedings, failed to represent him adequately.

## Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, under 28 U.S.C. § 1915(e)(2), the Court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001). As plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. The amended complaint cannot proceed against the following defendants as set forth below.

A. The New York City Police Department

The New York City Police Department ("NYPD") is an agency of the City of New York and cannot be sued independently. Lauro v. Chase, 219 F.3d 202, 205 n.2 (2d Cir. 2000); Davis v. Lynbrook Police Dep't, 224 F.Supp.2d 463, 477 (E.D.N.Y. 2002); Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396. Thus, the amended complaint cannot proceed against the NYPD and must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

B. The PBA and Edward R. Hammock, Esq.

To the extent plaintiff seeks to sue the Patrolmen's Benevolent Association ("PBA") and Edward R. Hammock, Esq., such claims must fail. In order to state a claim under § 1983, plaintiff must allege that the defendant acted under color of a state "statute, ordinance, regulation, custom, or usage...." 42 U.S.C. § 1983 (also known as the state action requirement). The PBA is not a state actor. Harmon v. Matarazzo, 162 F.3d 1147, 1998 WL 639400, at *2 (2d Cir. 1998) (citing Wright v. Patrolmen's Benevolent Ass'n, No. 75 Civ. 658, 1975 WL 215, at *1 (S.D.N.Y. July 30, 1975) ("The [PBA] is independently funded, operating separately from the police department, and in no way intertwined with it, except to the extent that its members are policemen.").

Furthermore, it is well-established that an attorney performing a lawyer's traditional functions

as counsel to defendant does not act 'under color of state law' and therefore is not subject to suit under § 1983. Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Torres v. Hynes, No. CV 99-7117(RR), 2000 WL 1052075, at *2 (E.D.N.Y. Jun. 21, 2000); Tucker v. Kenney, 994 F.Supp. 412, 417 (E.D.N.Y. 1998). Thus, the amended complaint against defendants PBA and Hammock is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Accordingly, the amended complaint, filed *in forma pauperis*, is dismissed as to the NYPD, the PBA and Edward R. Hammock pursuant to 28 U.S.C. §§ 1915A; 1915(e)(2)(B). No summons shall issue as to these defendants.

The amended complaint as to defendants Police Officer Engram, Senior Parole Officer Benjamin, Parole Officer K. Thomas and Parole Officer Fernandez shall proceed. The Clerk of Court is directed to issue a summons and the United States Marshals Service is directed to serve the summons, amended complaint and a copy of this Order upon defendants Engram, Benjamin, Thomas and Fernandez. A courtesy copy of the same papers shall be served on the Corporation Counsel for the City of New York and the Attorney General for the State of New York. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July *13*, 2007

/S/
Carol Bagley Amon
United States District Judge